**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL GEANEY, | : | Civil No. 07-3903 (JAP) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : | |
| Respondents. | : | |

APPEARANCES:

> MICHAEL GEANEY, #78755, Plaintiff Pro Se
> Monmouth County Correctional Institution
> P.O. Box 5007
> Freehold, New Jersey  07728

PISANO, District Judge

Michael Geaney filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging his incarceration at the Monmouth County Correctional Institution for failure to pay a civil debt.  Having thoroughly examined Petitioner's grounds for relief and supporting factual assertions, this Court will summarily dismiss the Petition without prejudice for failure to exhaust state court remedies, and decline to issue a certificate of appealability.

### I.  BACKGROUND

Petitioner challenges his imprisonment pursuant to an order entered on an unspecified date by the Superior Court of New Jersey, Chancery Division, Family Part, in Docket Number FM-11-679-98C.  The Petition raises two grounds for habeas relief:

> Ground One: FOURTH AMENDMENT VIOLATION OF BEING FALSELY ARRESTED AND FALSELY IMPRISONED FOR A CIVIL DEBT WITHOUT PROBABLE CAUSE, WITHOUT FOURTH AMENDMENT WARRANT, WITHOUT ATTACHED AFFIDAVIT.
>
> Ground Two: FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENT VIOLATIONS BECAUSE I WAS NOT AFFORDED THE RIGHT TO APPOINTED COUNSEL IN MY DEFENSE, NOR WAS I ALLOWED TO CONDUCT AN ABILITY TO PAY HEARING PRIOR TO MY FALSE ARREST AND FALSE IMPRISONMENT FOR A CIVIL DEBT.

(Pet. ¶ 12, Grounds One and Two.)

Petitioner asserts that he did not present the above grounds to the New Jersey Supreme Court because his appeal is currently pending before the Superior Court of New Jersey, Appellate Division, Docket No. A-004591-06T2, with briefs due August 27, 2007. (Pet. ¶¶ 11.c., 13, 15.) In response to a question asking if he has any petition or appeal now pending regarding the judgment he challenges, he alleges:

> NJ Superior Court, Appellate Division, Docket No. A-004591-06T2. Appeal of denial of relief for modification of obligation of CIVIL matter regarding CIVIL debt. Issues raised: 1. Trial judge egregiously abused discretion by denying me modification of debt obligation due to involuntary termination from employment, in violation of due process & E.P; 2. Trial judge egregiously abused discretion by denying relief, then recusing herself and transferring case to another county; trial judges denied me relief for over 18 months allowing CIVIL debt to accrue.

(Pet. ¶ 15.) Petitioner seeks an order directing Respondents to release him from custody.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the

2

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).[1]

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by

---

[1] "[V]ague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court," United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000), and a failure to allege "sufficient facts" can lead to summary dismissal of a claim, id. at 437-38; accord Anderson v. Pa. Attorney General, 82 Fed. Appx. 745, 749 (3d Cir. 2003); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

> any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A district court has subject matter jurisdiction to entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2254(a) by a person in custody pursuant to the judgment of a State court on the ground that his custody violates the federal Constitution, laws or treaties of the United States. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A.  Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition or such process is

4

unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269, 275 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  Specifically, § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513;  Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254 further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted).  The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants:  before you bring any claims to federal court, be sure that you

5

first have taken each one to state court.'" Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the state's highest court. See Baldwin v. Reese, 541 U.S. 27 (2004); O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Castille, 489 U.S. at 350-51; Rose, 455 U.S. at 515; Picard, 404 U.S. at 275; United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29. To exhaust, a petitioner in the custody of the State of New Jersey must present his federal claims to the Superior Court of New Jersey, Law or Chancery Division, the Superior Court, Appellate Division, and in a petition for certification filed in the New Jersey Supreme Court. See Toulson, 987 F.2d at 987-89.

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard, 404 U.S. at 276-277).

The habeas petitioner carries the burden of proving total exhaustion. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987. "Thus, . . . if the petitioner fails to satisfy the exhaustion

6

requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner." Lambert, 134 F.3d at 513-14.

In this case, the face of the Petition indicates that Petitioner's appeal is pending before the Appellate Division of the Superior Court of New Jersey.  Thus, assuming that the Appellate Division has yet to rule on Petitioner's appeal, that court has not had an opportunity to consider his claims.  Even if the Appellate Division has by this point rejected Petitioner's appeal, his claims are not exhausted because Petitioner has not presented them to the New Jersey Supreme Court.  Thus, Petitioner has not exhausted his claims before all three levels of the New Jersey courts.  Unless exhaustion is excused or the Petition does not raise even a colorable federal claim, § 2254 imposes a duty on this Court to dismiss the Petition without prejudice as fully unexhausted.  Lambert at  515; 28 U.S.C. § 2254(b)(1).

B.  Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process."  28 U.S.C. § 2254(b)(1)(B)(i);; see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).  A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted.  "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted."  Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991); Harris v. Reed, 489 U.S. 255 (1989).[2]  "If a claim has not

---

[2] While it excuses exhaustion, the doctrine of procedural default is a double-edged sword. When a petitioner's failure to comply with a State procedural rule has prevented the state courts from reaching the merits of his federal claims, federal habeas review of those claims is ordinarily barred as petitioner has procedurally defaulted his claims.  Ylst v. Nunnemaker, 501 U.S. 797,
(continued...)

been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether State court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds

---

[2](...continued)
801 (1991). Reliance by the last state court to consider the federal claim on an "adequate and independent finding of procedural default will bar federal habeas review of [that] federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris, 489 U.S. at 262 (citations and internal quotation marks omitted); accord Coleman, 501 U.S. at 750; Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999); Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. However, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation, the Third Circuit reversed and remanded.[3] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted where a New Jersey court had in fact refused to consider the petitioner's federal claims because they were procedurally barred by N.J.Ct.R. 3:22-4. Under those circumstances, exhaustion was excused. However, because New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claim. Cabrera, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising his claims, which are pending before the Appellate Division. Applying Toulson and

---

[3] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

9

Cabrera, this Court holds that further collateral review of Petitioner's claims is not "clearly foreclosed." Thus, Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138. Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his claims.

C.  Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

In Granberry, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

Granberry, 481 U.S. at 134-135.

Thus, a district court may deny an unexhausted petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." Lambert, 134 F.3d at 515.

In this case, at least a question exists as to whether the petitioner has stated a colorable federal claim. Petitioner asserts that he was incarcerated for failure to pay a debt, without a hearing or any opportunity to be heard. At a minimum, where a deprivation of liberty is involved, Due Process requires notice and opportunity to be heard. See e.g., Mullane v. Central Hanover Trust Co., 339 U.S. 306, 313 (1950) ("Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case"); Grannis v. Ordean, 234 U.S. 385,

11

394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard"). Thus, the Court may not reach and dismiss the Petition on the merits pursuant to § 2254(b)(2). Lambert, 134 F.3d at 515.

Because Petitioner has not exhausted any of the grounds which he presents under § 2254, because New Jersey's appellate processes are neither unavailable nor inadequate to protect his federal rights, and because the Petition raises at least one colorable federal claim, the Court will dismiss the Petition without prejudice for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b) and (c).[4]

D.  Certificate of Appealability

Because jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Walker v. Government of Virgin Islands, 230 F.3d 82, 89 (3d Cir. 2000).

### III.  CONCLUSION

Based on the foregoing, the dismisses the Petition without prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

DATED: September 10, 2007

---

[4] If Petitioner wants this Court to consider his federal grounds, he will have to present them to all three levels of the New Jersey courts. After doing so, and subject to the one year statute of limitations under 28 U.S.C. § 2244(d), he may present them to this Court in a § 2254 petition.